IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FLETCHER DORSETT, | * | |
| Petitioner. | * | |
| v. | * | Civil Action No. GLR-16-2741 (Related Crim. Case GLR-07-0445) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Fletcher Dorsett's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 46, GLR-07-0445). Respondent United States of America (the "Government") opposes the Motion (ECF No. 51). Dorsett has not filed a Reply. No hearing is necessary. See 28 U.S.C. § 2255 (b). For the reasons outlined below, the Court will deny the Motion.

On August 8, 2008, the Government and Dorsett entered into a plea agreement in which Dorsett pleaded guilty to federal bank robbery in violation of 18 U.S.C. § 2113(a) & (f). Notably, Dorsett waived any right to appeal in the event that the Court determined that he was not a career offender (see U.S.S.G. § 4B1.1). At his sentencing, the Court determined that Dorsett was not a career offender and that his adjusted offense level was 21 and his criminal history category was VI. Dorsett's guideline range was between 77 and 96 months. The Court sentenced Dorsett to 96 months. (See ECF No. 36). Dorsett did not appeal his conviction or sentence.

On July 29, 2016, Dorsett filed the pending Motion, alleging that the Court miscalculated his prior convictions for the purposes of his criminal history. (ECF No. 46, GLR-07-0445). Dorsett raises three principal arguments. First, he asserts that his attorney was constitutionally

1

ineffective by not challenging the calculation of his convictions to his criminal history. Second, he contends that prior convictions comprised of "relevant conduct" under the United States Sentencing Guidelines (the "Sentencing Guidelines") § 1B1.3 and, therefore, are not defined as prior sentences. Third, Dorsett argues that his prior convictions should not have qualified as "prior sentences" under §§ 4A1.1, 4A1.2 of the Sentencing Guidelines.

The Government correctly asserts that a defendant who fails to raise arguments on direct appeal may only collaterally assert those arguments after a showing of (1) "cause and actual prejudice," or (2) "actual innocence." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Because Dorsett has not shown either of the foregoing elements, his second and third grounds for seeking relief are without merit.

Dorsett has procedurally defaulted on his ability to attack his underlying sentence. Hence, he cannot show "cause and actual prejudice." Dorsett failed to, and agreed not to, appeal his conviction or sentence. A plea agreement that prevents a defendant from appealing is not sufficient cause for his procedural default. See United States v. Jones, 1995 WL 321263, at *1 (4th Cir. 1995) (4th Cir. May 30, 1995) (unpublished table decision). "A knowing and voluntary waiver of the right to appeal is valid and enforceable. Such waivers are designed to preserve the finality of judgments and sentences imposed pursuant to guilty pleas." Id. (internal quotation omitted).

In short, Dorsett cannot circumvent a bargain for waiver through collateral proceedings. See United States v. Linder, 552 F.3d 391, 392 (4th Cir. 2009). Further, "actual innocence" cannot be established because "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline

provision." Mikalajunas, 186 F.3d at 495. The Court never found Dorsett to be a career of habitual offender.

Turning, now, to Dorsett's ineffective assistance of counsel claim, Dorsett must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To demonstrate deficient performance, a petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. When determining whether counsel's conduct was deficient "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. To demonstrate prejudice, a petitioner must "show there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694. In the context of plea bargaining, the prejudice standard requires proof of "a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Dorsett's claim that his counsel failed to argue that his burglary and theft convictions were relevant conduct, and did not constitute prior sentences for the purpose of calculating his criminal history points and his guideline range, is completely without merit. Section 1B of the Sentencing Guidelines defines relevant conduct. Dorsett does not, and cannot, explain how his theft and burglary convictions, which occurred on distinct dates between 1995 and 2007, "occurred during" his bank robbery on May 21, 2007. Further, Dorsett fails to present any circumstance whereby the bank robbery was related to a "common scheme or plan" pursuant to § 1B1.3(a)(2) of the Sentencing Guidelines.

Dorsett's final argument—that several theft and burglary convictions should not constitute prior sentences—is also baseless. Section 4A1.1 of the Sentencing Guidelines

3

identifies when and how prior sentences are not counted or are counted under certain circumstances or conditions. Dorsett has failed to meet his burden in demonstrating an exception to why these previous sentences should not be counted. All of the theft and burglary convictions occurred on different dates, were separated by intervening arrests, and had separate prosecutions. The Court concludes, therefore, that Dorsett's final argument is without merit.

As a final matter, the Court must to determine whether to issue a certificate of appealability. See Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255. A certificate of appealability is a jurisdictional prerequisite to an appeal from the court's earlier order. United States v. Hadden, 475, F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). Dorsett does not satisfy this standard. As a result, a certificate of appealability will not issue.

For the foregoing reasons, Dorsett's Motion (ECF No. 46, GLR-07-0445) is DENIED. A certificate of appealability shall NOT ISSUE. The Clerk is DIRECTED to CLOSE this case and mail of copy of this Memorandum Opinion and Order to Dorsett at his address of record.

So ORDERED this 30th day of May, 2017.

/s/
_____
George L. Russell, III
United States District Judge